OPINION
This appeal is taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, William A. Doles, appeals the denial of his petition for postconviction relief.
On April 29, 1993, the state filed a bill of information against appellant alleging that he committed the offense of rape on a person less than thirteen years of age in violation of R.C.2907.02(A)(1)(b). The victim was appellant's own child. The state filed the bill of information after appellant appeared in the trial court and pursuant to Crim.R. 7(A) executed a written waiver of his right to presentment and indictment by the grand jury. At this same hearing on April 29, 1993, appellant entered a plea of guilty to the charge of rape.
Thereafter, on June 9, 1993, the trial court conducted a sentencing hearing at which time it imposed a prison term of five to twenty-five years. Appellant did not appeal the judgment of conviction entered by the trial court.
More than three years later, on September 16, 1996, appellant filed a pro se petition for postconviction relief in the trial court under the auspices of R.C. 2953.21 et seq. In the petition, appellant alleged that he suffered a denial or infringement of his rights sufficient to render his conviction void or voidable under both the United States Constitution and the Ohio Constitution. Appellant's two basic constitutional claims were as follows: (1) deprivation of liberty without due process of law because the offense of rape requires the use of force or the threat of force, and he did not use or threaten force; and (2) he was entitled to retroactive application of new criminal sentencing guidelines that took effect on July 1, 1996 pursuant to Am.Sub.S.B. No. 2.
The trial court denied appellant's petition on September 18, 1996 without any accompanying explanation, and appellant filed a timely notice of appeal with this court. On May 12, 1997, we remanded the matter to the trial court for the purpose of issuing findings of fact and conclusions of law as required by R.C.2953.21(G). The trial court complied with the order two days later. As a result, appellant's previous notice of appeal was treated as a premature appeal of the trial court's May 14, 1997 judgment entry wherein it set forth findings of fact and conclusions of law.
In his appeal, appellant asserts the following assignments of error:
 1. Trial court erred in entering guilty conviction upon defendant, when the evidence showed him guilty of lesser crime included.
 2. Trial court erred in overruling counsel's request for an expert witness on defendant's behalf.
 3. "The trial court erred in the dismissal of defendant's Post-Conviction Relief Petition, without basing it on with [sic] findings of fact and conclusions of law."
In his first assignment of error, appellant maintains that the trial court erred by entering a judgment of conviction against appellant for rape, instead of a lesser included offense. Specifically, appellant claims that rather than being convicted of rape under R.C. 2907.02(A)(1)(b), he should only have been convicted of sexual battery pursuant to R.C. 2907.03(A)(5).[1]
We need not consider this argument. In the context of postconviction proceedings, the doctrine of res judicata applies to bar the raising of issues that were raised or could have been raised in the trial court or on appeal from the trial court's judgment. The Supreme Court of Ohio has held:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis sic.) State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Thus, the Supreme Court of Ohio has sanctioned the use of resjudicata in determining whether postconviction relief should be granted. See State v. Cole (1982), 2 Ohio St.3d 112, 113. Even constitutional issues may not be considered in postconviction proceedings if they could have been or already were fully litigated by the defendant either before the judgment of conviction or on direct appeal from that judgment.
Applying this doctrine to the instant matter, it is apparent that if appellant wanted to challenge his rape conviction on the ground that he should have only been convicted of a lesser included offense, he had to raise the issue in a direct appeal of his June 9, 1993 judgment of conviction. Appellant is barred byres judicata from raising this claim at a postconviction proceeding. Consequently, appellant's first assignment is without merit.
In his second assignment of error, appellant suggests that the trial court erred by overruling his request for an expert witness. This proposition is an apparent reference to events that took place at appellant's sentencing hearing on June 9, 1993 since appellant avoided a trial by pleading guilty. At the sentencing hearing, counsel for appellant requested that the hearing be rescheduled so that appellant's psychologist could be present. The trial court denied the motion and proceeded to sentence appellant.
To the extent that appellant wished to challenge the trial court's action in this regard, he should have raised it in a direct appeal. Since appellant knew of this alleged error in time to raise it on appeal, he is barred by res judicata from raising it in a petition for postconviction relief. As such, appellant's second assignment is not well- founded.
Finally, in his third assignment of error, appellant claims that the trial court erred by denying his postconviction relief petition without issuing findings of fact and conclusions of law.[2] As explained earlier, the trial court did initially deny the petition without explanation in a judgment entry dated September 18, 1996. We remanded the matter to the trial court for the purpose of satisfying the R.C. 2953.21(G) requirement that the court make and file findings of fact and conclusions of law if postconviction relief is not granted. The trial court complied on May 14, 1997, thereby converting its previous judgment into a final appealable order. See State v. Mapson (1982), 1 Ohio St.3d 217,218. Thus, appellant's third assignment no longer has any merit because the trial court complied with the statute on remand.
We also feel compelled to point out that this was a guilty plea, and, appellant can not use a postconviction relief petition to now appeal issues which he would not have been able to raise on a direct appeal because of this guilty plea. Moreover, as just discussed, the issues which were not precluded by a guilty plea are res judicata.
For the foregoing reasons, none of appellant's assignments of error is well-taken. Accordingly, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J., concur.
[1] R.C. 2907.02(A)(1)(b) provides:
(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
R.C. 2907.03(A)(5) states:
(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
(5) "The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis."
Even a cursory analysis demonstrates that sexual battery by the victim's parent or another person in loco parentis is not necessarily subsumed within the offense of raping any child under the age of thirteen. Thus, the sexual battery of one's child as defined in R.C. 2907.03(A)(5) is not a lesser included offense of R.C. 2907.02(A)(1)(b), the rape of any child less than thirteen years of age. See, e.g., State v. Hollon (Jan. 28, 1991), Clermont App. No. CA90-03-029, unreported, at 7-8, 1991 WL 7938.
[2] Within his third assignment of error, appellant also suggests that the amended sentencing provisions of Am.Sub.S.B. No. 2, effective July 1, 1996, should be applied retroactively to him. In State ex rel. Lemmonv. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186,187-188, the Supreme Court of Ohio held that the amendments do not apply to persons convicted and sentenced prior to July 1, 1996. Thus, this issue is easily laid to rest.